# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-41288
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIAS SANDOVAL-ROJAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-978-ALL

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Elias Sandoval-Rojas appeals the 57-month sentence imposed following his guilty-plea conviction for illegal reentry following previous deportation. He argues that the district court committed significant procedural error by imposing a sentence within the pertinent guidelines range without giving specific reasons for rejecting his nonfrivolous arguments in favor of a sentence below this range. He requests this court to vacate his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review Sandoval-Rojas's argument for plain error because he raises it for the first time on appeal. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *cert. denied,* 2009 WL 1849974 (Oct. 5, 2009) (No. 08-11099). To show plain error, Sandoval-Rojas must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if the error substantially affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Even if the district court erred by not providing adequate reasons for rejecting Sandoval-Rojas's arguments, he still has not shown that he should receive relief on this claim. This is because Sandoval-Rojas has failed to show that a more extensive explanation for his sentence would have resulted in his receiving a different sentence. *See Mondragon-Santiago*, 564 F.3d at 364. Additionally, Sandoval-Rojas's argument that U.S.S.G. § 2L1.2 is not empirically-based, and therefore, his sentence should not be afforded the appellate presumption of reasonableness has consistently been rejected by this court. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009), *cert. denied*, 2009 WL 3162196 (Oct. 5, 2009) (No. 09-6195); *Mondragon-Santiago*, 564 F.3d at 366-67. Because the district court imposed a sentence within a properly calculated guidelines range, it is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 346-47 (2007). Sandoval-Rojas's assertions that his criminal history was overstated are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Because Sandoval-Rojas has not shown that the sentence imposed was unreasonable, his sentence is AFFIRMED.